UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE DAWSON-DAY
(#687596),

             Case No. 2:23-cv-10045
    Plaintiff,     District Judge Mark A. Goldsmith
             Magistrate Judge Anthony P. Patti

v.

KIM FARRIS, P.A.,

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 8(a)(2) & 12(b)(6) (ECF No. 23)

**I. RECOMMENDATION**:  The Court should **GRANT** Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 8(a)(2) & 12(b)(6).  (ECF No. 23.)

**II. REPORT**

 **A. Background**

  Maurice Dawson-Day is currently incarcerated at the Michigan Department of Corrections (MDOC) G. Robert Cotton Correctional Facility (JCF).[1]  On December 27, 2022, while located at the MDOC's Bellamy Creek Correctional Facility (IBC), Dawson-Day filed the instant lawsuit *in pro per* in the Western

_____

[1] *See* www.michigan.gov/corrections, "Offender Search," last visited Aug. 5, 2024. *See also* ECF Nos. 12, 13, 14.

District against a single Defendant, Kim Farris, P.A., who is described as a health care provider located at the MDOC's Macomb Correctional Facility (MRF).  (ECF No. 1.)

In January 2023, Magistrate Judge Sally J. Berens entered an order transferring the case to this Court.  (ECF Nos. 2, 3.)  In the Western District and again in this district, Plaintiff was permitted to proceed *in forma pauperis*.  (ECF Nos. 3, 5, 6; *see also* ECF No. 7, 9.)  At this time, each of the parties is represented by counsel.  (ECF Nos. 15, 21, 22.)

## B.    Pending Motion

This case has been referred to me for pretrial matters.  (ECF No. 8.) Currently before the Court is Defendant Farris's September 20, 2023 motion to dismiss pursuant to Fed. Rules Civ. P. 8(a)(2) & 12(b)(6).  (ECF No. 23.)  Plaintiff filed a timely response (ECF Nos. 24, 25), and Defendant filed a reply (ECF No. 26).  This motion is now ready for decision.

## C.    Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, although Plaintiff is currently represented by counsel (*see* ECF No. 15), he filed his complaint (ECF No. 1) *in pro per*. (*See also* ECF 25, PageID.72.) The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal

arguments for him.  Neither may the Court 'conjure up unpled allegations[.]'"

*Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009)

(Ludington, J., adopting report and recommendation of Binder, M.J.).[2]

### D.   Discussion

### 1.   Plaintiff's pleading

In his complaint, Plaintiff provides the following, very brief, "Statement of

Claim:"

> On May 19, 2021[,] I was an incarcerated person in [the] custody of
> [the] [MDOC].  I was housed at Michigan Reformatory [(RMI)], got
> into an altercation[,] and broke my hand.  I received an x-ray and was
> told that I needed pins.  The health care provider told me that I was
> going off site to a doctor to receive the pins.  Before I received this
> treatment[,] I was transferred to [MRF].  I put in <u>a kite</u> to receive the
> pins[,] and P.A. Farris denied my treatment.  I put in <u>multiple kites</u> to
> receive the pins and still have not receive[d] the treatment.  I'm
> unable to use my hand[,] and I am in extreme pain, despite my pain
> medication.  I have been having these issues with my hand for almost
> two years.  Dr. Farris is responsible for denying me treatment[,] which
> has, and is, still causing me severe pain and suffering.  I exhausted all
> my remedies through the grievance process.

(ECF No. 1, PageID.3 (emphases added); *see also id.*, PageID.9-10 [MRF-22-03-

0436-28E].)  Plaintiff seeks compensatory and punitive damages in the amount of

$150,000 "for pain and suffering."  (ECF No. 1, PageID.4.)

---

[2] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL
2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's
failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic
pleading requirements, including Rule 12(b)(6).").

## 2.    Eighth Amendment deliberate indifference

Keeping in mind the Supreme Court's direction about the interpretation of *pro se* pleadings, *see Haines*, 404 U.S. at 520, it seems Plaintiff intends to allege that Farris was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  (*See* ECF No. 1, PageID.3.)  Defendant moves for dismissal, arguing that Plaintiff's complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and, therefore, should be dismissed for "failure to state a claim upon which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6).  (*See* ECF No. 23, PageID.50, 56, 60, 63.)

With respect to Eighth Amendment deliberate indifference claims, the Supreme Court has instructed:

> It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety. Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. *First, the deprivation alleged must be, objectively, "sufficiently serious*," . . . ; a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," . . . . For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.  . . .
>
> The *second* requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." . . . . To violate the Cruel and Unusual Punishments Clause, *a prison official must have a "sufficiently culpable state of mind."* . . . . In prison-conditions cases that state of mind is one of

"deliberate indifference" to inmate health or safety . . . .

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)

(emphasis added) (footnote omitted).  *See also Comstock v. McCrary*, 273 F.3d

693, 703 (6th Cir. 2001) ("To satisfy the subjective component, the plaintiff must

allege facts which, if true, would show that the official being sued subjectively

perceived facts from which to infer substantial risk to the prisoner, that he did in

fact draw the inference, and that he then disregarded that risk.") (citing *Farmer,*

511 U.S. at 837).

Defendant contends that Plaintiff "fails to allege facts with any particularity

or specificity which tend[] to show the objective and subjective components of the

deliberate indifference analysis."  (ECF No. 23, PageID.49 ¶ 6.)

### a.    Objective

In his pleading, Plaintiff's alleges he suffered a broken hand, was told he

needs pins, has yet to receive treatment, is unable to use his hand, and is "in

extreme pain, despite [his] pain medication."  (ECF No. 1, PageID.3.)  As Plaintiff

suggests in his motion response, his "broken hand," "resulting pain," and

"fractured finger," satisfy "the objective component."  (ECF No. 25, PageID.73.)

To be clear, Plaintiff's response does attach a copy of Corey Grahn, N.P.'s

June 6, 2022 RMI encounter notes (*see* ECF No. 25-1, PageID.77) to his motion

response as documentation of Plaintiff's injury prior to his arrival at MRF and an

6

approval for surgery.  (ECF No. 25, PageID.71, 73.)  <u>This was not attached to his</u>

<u>complaint</u>.  In her reply, Defendant objects to this medical record attachment as

presenting a matter outside the pleadings.  Fed. R. Civ. P. 12(d).  (ECF No. 26,

PageID.78-79.)  Defendant is correct, and this record will not be relied upon in

deciding this motion; but in any case, the attachment of this document to Plaintiff's

response is of little consequence in scrutinizing the objective component of his

claim, as the pleading itself already alleges:  (a) a broken hand that occurred at

RMI; (b) being told he "was going off site to a doctor to receive the pins[;]" but,

(c) having been "transferred to [MRF]" before receiving the treatment.  (*Compare*

ECF No. 1, PageID.3; with, ECF No. 25-1, PageID.77.)  Plaintiff has alleged a

"sufficiently serious" deprivation resulting in the denial of "'the minimal civilized

measure of life's necessities[.]'"  *Farmer*, 511 U.S. at 834 (quoting *Rhodes v.*

*Chapman*, 452 U.S. 337, 347 (1981)).

### b.    Subjective

Defendant's argument – "[v]iewing the facts alleged in Plaintiff's Complaint

as true, no reasonable juror could conclude Defendant PA Farris was deliberately

indifferent to Plaintiff's medical needs[,]" – focuses on the *subjective* component

of an Eighth Amendment deliberate indifference claim, contending that "Plaintiff's

complaint is lacking in any facts from which to infer PA Farris consciously

disregarded Plaintiff's medical needs."  (*See* ECF No. 23, PageID.52, 61-62; ECF

No. 26, PageID.79-81.)  Plaintiff contends he "can . . . *show* the subjective

component."  (ECF No. 25, PageID.73 (emphasis added).)  *See League of United*

*Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) ("The factual

allegations, assumed to be true, must do more than create speculation or suspicion

of a legally cognizable cause of action; they must show *entitlement* to relief.")

(citing *Twombly*, 550 U.S. at 555).

### i.    Pain medication

Preliminarily, the Court addresses an inaccuracy in Defendant's motion.

Defendant contends:  "All we know from the single paragraph is that PA Farris

allegedly denied him the treatment of pins in his hand after he was transferred to

[MRF] but did provide him with pain medication."  (ECF No. 23, PageID.61; ECF

No. 26, PageID.80.)  This is somewhat erroneous, because the pleading does not

expressly state that *Farris* provided Plaintiff's pain medication.  Instead, as to pain

medication, the complaint simply alleges:  "I'm unable to use my hand and I am in

extreme pain, despite my pain medication."  (ECF No. 1, PageID.3.)  Still, even if

Farris did not prescribe or personally provide the pain medication, Plaintiff's

allegation suggests he still had access to or was receiving his pain medication.

### ii.    Adequacy of (or disagreement with) treatment

Defendant also contends that, to the extent Plaintiff argues "his condition

requires the treatment of pins to properly heal," such an allegation "is merely a

disagreement with the medical decision making of PA Farris."  (ECF No. 23, PageID.62; ECF No. 26, PageID.80-81.)  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.  . . . Of course, in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all."  *Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir.1976) (internal and external citations omitted).  Put another way, "differences of opinion between a plaintiff and his doctor regarding his diagnosis and treatment do not state an Eighth Amendment claim."  *Smith v. Sator*, 102 F. App'x 907, 909 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Westlake,* 537 F.2d at 860 n.5).

    In his response, Plaintiff contends that "this is not a claim challenging the adequacy of treatment."  (ECF No. 25, PageID.73.)  Plaintiff primarily supports this contention by quoting several Sixth Circuit decisions.  (*Id*., PageID.73-74.) *See Westlake*, 537 F.2d at 860 n.5; *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) ("A doctor's errors in medical judgment or other negligent behavior do not suffice to establish deliberate indifference[,]" and "[a] doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful."); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) ("[w]hen the need for

9

treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.") (quotations and citation omitted); *Est. of Majors v. Gerlach*, 821 F. App'x 533, 541 (6th Cir. 2020) ("[a] government doctor has a duty to do more than simply provide some treatment to a prisoner who has serious medical needs; instead, the doctor must provide medical treatment to the patient without consciously exposing the patient to an excessive risk of serious harm.") (quotations and citation omitted); and, *Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) ("Grossly inadequate medical care is medical care that is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.") (quotations and citation omitted).

Positing that "[a] reasonable jury could conclude that Farris's medical care" was "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness[,]'" *Miller*, 408 F.3d at 819 (quotations and citation omitted), Plaintiff states:  "Farris allegedly failed to render any treatment or authorize Plaintiff to see a doctor[,] despite Plaintiff's pleas for medical attention."  (ECF No. 25, PageID.74.)  Here, it would seem Plaintiff is referring to his allegations that mention Farris or Plaintiff's kites:

- I put in a kite to receive the pins and P.A. Farris denied my treatment.

- I put in multiple kites to receive the pins and still have not receive[d] the treatment.

10

- Dr. Farris is responsible for denying me treatment[,] which has, and is, still causing me severe pain and suffering.

(ECF No. 1, PageID.3.)  Thus, the pleading – to which the Court looks on a motion to dismiss – is bare-boned as to Farris's actions and suggests, as noted above, that Plaintiff still had access to or was receiving his pain medication.  (*Id.*)

Accordingly, the Undersigned agrees that "Plaintiff's allegations, even taken as true, present nothing more than a disagreement between providers as to the proper course of treatment[,]" which "is not enough to state a valid claim for deliberate indifference to a serious medical need."  (ECF No. 23, PageID.62; ECF No. 26, PageID.80-81.)  *See Smith*, 102 F. App'x at 909 ("differences of opinion between a plaintiff and his doctor regarding his diagnosis and treatment do not state an Eighth Amendment claim.") (citing *Estelle*, 429 U.S. at 107; *Westlake*, 537 F.2d at 860 n.5).

### iii.    Scheduling of surgery

The Court will also address an inaccuracy in Plaintiff's response.  Plaintiff claims to have alleged that, "[b]efore being transferred from the Michigan Reformatory, . . . he was schedule[d] to see a doctor to put pins in his fractured hand."  (ECF No. 25, PageID.65-66 ¶ 5 (emphasis added).)  This is inaccurate, because Plaintiff actually alleges:  "The hea[l]th care provider [presumably at RMI] told me that I was going off site to a doctor to receive the pins and P.A. Farris [who is described as located at MRF] denied my treatment."  (ECF No. 1,

11

PageID.3; *see also id*., PageID.2.)  As Defendant aptly points out in her reply, this does not allege "an appointment was scheduled." (ECF No. 26, PageID.79.)[3]

### iv.    Farris's knowledge of risk

Plaintiff contends that Farris *knew of* but *disregarded* "an excessive risk to inmate health or safety[.]"  *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (emphases added).  (ECF No. 25, PageID.73.)  Plaintiff makes two points about knowledge.  First, Plaintiff reasons that Farris had the requisite knowledge because she "had access to Plaintiff's medical history[,] which indicated the need for hand surgery." (*Id.*) (*See also* ECF No. 25, PageID.65-66 ¶ 5).  However, the pleading – to which the Court looks on a motion to dismiss – alleges:  "The health care provider [presumably at RMI] told me that I was going off site to a doctor to receive the pins." (ECF No. 1, PageID.3.)  Even if read liberally, this does not say anything about Farris's knowledge of Plaintiff's medical records *from his prior institution* regarding "the need for hand surgery." (ECF No. 25, PageID.73.) Accordingly – even if Farris (who allegedly treated Plaintiff at MRF) would have had access to Plaintiff's medical history from RMI (which, allegedly, mentioned that Plaintiff had been "previously approved for hand surgery *consult . . .* [,]" (ECF No. 25-1, PageID.77) (emphasis added)) – the complaint's allegations do not make

---

[3] We only know that Plaintiff was "previously approved for hand surgery *consult . . . .* [,]" from the June 6, 2022 medical record attached to Plaintiff's response. (*See* ECF No. 25-1, PageID.77 (emphasis added).)

it reasonable to draw an inference regarding "the need for surgery" that "a substantial risk of serious harm exist[ed] *and Farris knew it*."  (ECF No. 25, PageID.73 (emphases added).)

Second, Plaintiff relies upon his "observable condition."  (*Id*., PageID.74.) Plaintiff's response characterizes his complaint as "alleg[ing] that he was in severe pain and could not use his hand[.]"  (ECF No. 25, PageID.74.)  (*See also* ECF No. 25, PageID.65-66 ¶ 5.)  This is a fair characterization of the pleading as far as it goes, considering that it alleges: "I'm unable to use my hand and I am in extreme pain, despite my pain medication."  (ECF No. 1, PageID.3.)  In support of this point, Plaintiff notes:  "A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'"  *Rhinehart*, 894 F.3d at 738 (quoting *Farmer*, 511 U.S. at 842).  (ECF No. 25, PageID.74.)  But this quote from *Rhinehart* occurred in the context of *summary judgment* and relates to the use of "circumstantial evidence to prove subjective recklessness[.]"  *Rhinehart*, 894 F.3d at 738.

In the present context, where the Court is considering the adequacy of pleadings under Fed. Rules Civ. P. 8(a)(2) and 12(b)(6), Plaintiff's argument seemingly conflates the objective and subjective components, *i.e.*, *if* there is an objective injury or deprivation, *then* subjective knowledge and culpability can always be inferred.  In this context, this is faulty reasoning, because it eliminates

13

the need to plead anything beyond a sufficiently serious, objective injury. *Arguendo*, even if the Court assumes, as Plaintiff claims, that he had "an observable condition[,]" (ECF No. 25, PageID.74), Plaintiff's pleading does not state how Farris "*disregarded*" the risk or his medical needs. Put another way, Plaintiff's allegations that Farris "denied my treatment" or "is responsible for denying me treatment . . . [,]" seem to be a complaint that Farris denied Plaintiff's *request(s) for pins, i.e.*, a specific type/form of treatment. *See Rhinehart*, 894 F.3d at 745 (relied upon by Plaintiff, ECF No. 25, PageID.72-74, albeit in the context of an appeal from this Court's grant of summary judgment, "a doctor's observing a serious medical problem, failing to locate its cause, and refusing to take further action is quite different from the situation here, where Dr. Cohen treated her patient with a recognized medication.").

As alluded to above in Section II.D.2.b.ii, a disagreement as to the *type* of treatment necessary, particularly between conservative treatment, perhaps to see if a condition would resolve itself over time (*e.g.*, pain medication, physical therapy, etc.), as opposed to more aggressive intervention (*e.g.*, surgery) − whether the disagreement reflects a difference in treatment plans between two medical professionals or between a medical professional and a patient − does not equate with a *lack* of treatment or a deliberate indifference to medical needs. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) ("While at multiple

14

points with both injuries Alspaugh certainly would have desired more aggressive treatment, he was at no point denied treatment."); *Smith*, 102 F. App'x at 909 ("Smith's claims amount to nothing more than a difference of opinion regarding the medical diagnosis and treatment he has been provided.")

In sum, where MRF and Farris are concerned, Plaintiff's complaint mentions kites to receive the pins and alleges Farris is denying him treatment, and also suggests he still had access to or was receiving his pain medication.  (ECF No. 1, PageID.3.)  The pleading does not allege "any facts from which to infer PA Farris consciously *disregarded* Plaintiff's medical needs."  (ECF No. 23, PageID.61; ECF No. 26, PageID.79-80 (emphasis added).)  At best, it alleges a difference of opinion as to what those needs *were*, or perhaps a state law claim for medical malpractice.

### E.   Conclusion

Defendant seeks dismissal with prejudice of Plaintiff's claims against her for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  (ECF No. 23, PageID.50, 63.)  For the reasons stated above, the Court should **GRANT** Defendant Farris's motion to dismiss pursuant to Fed. R. Civ. P. 8(a)(2) & 12(b)(6) (ECF No. 23).

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

16

Objection No. 2," *etc*.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated:  August 12, 2024

                                    _____

                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE