UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE DAWSON-DAY,

        Plaintiff,        Case No. 23-cv-10045

v.        HON. MARK A. GOLDSMITH

KIM FARRIS

        Defendant.
_____/

**OPINION & ORDER**
**(1) ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 27), (2) OVERRULING PLAINTIFF'S OBJECTION (Dkt. 28), AND (3) GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 23)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Anthony P. Patti issued on August 12, 2024 (Dkt. 27). In the R&R, the magistrate judge recommends that Defendant Kim Farris's motion to dismiss pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6) (Dkt. 23) be granted. Plaintiff Maurice Dawson-Day filed a timely objection to the R&R (Dkt. 28), to which Farris responded (Dkt. 29). For the reasons that follow, the Court: (i) accepts the recommendation in the R&R, (ii) overrules Plaintiff's objection, (iii) grants Defendant's motion to dismiss, and (iv) dismisses this case.[1]

---

[1] Because oral argument will not aid the Court's decisional process, this matter will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to Defendant's motion to dismiss, the briefing includes Plaintiff's response (Dkt. 25) and Defendant's reply (Dkt. 26).

1

## I. BACKGROUND

The full relevant factual background as stated in Dawson-Day's complaint is set forth in the magistrate judge's R&R. See R&R at 1. As set forth in the R&R, Dawson-Day, currently incarcerated at the Michigan Department of Corrections (MDOC) G. Robert Cotton Correctional Facility (JCF), filed this lawsuit against a single defendant, Kim Farris, P.A., a health care provider at the MDOC's Macomb Correctional Facility (MRF). The complaint provides the following, very brief, "Statement of Claim:"

> On May 19, 2021[,] I was an incarcerated person in [the] custody of [the] [MDOC]. I was housed at Michigan Reformatory [(RMI)], got into an altercation[,] and broke my hand. I received an x-ray and was told that I needed pins. The health care provider told me that I was going off site to a doctor to receive the pins. Before I received this treatment[,] I was transferred to [MRF]. I put in a kite to receive the pins[,] and P.A. Farris denied my treatment. I put in multiple kites to receive the pins and still have not receive[d] the treatment. I'm unable to use my hand[,] and I am in extreme pain, despite my pain medication. I have been having these issues with my hand for almost two years. Dr. Farris is responsible for denying me treatment[,] which has, and is, still causing me severe pain and suffering. I exhausted all my remedies through the grievance process

R&R at 4 (citing Compl., Dkt. 1, PageID.3).[2] Dawson-Day is seeking compensatory and punitive damages in the amount of $150,000 "for pain and suffering." Id. (citing Compl. PageID.4).

Defendant Farris filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6), arguing that the complaint fails to state a cognizable claim against PA Farris for deliberate indifference to Dawson-Day's serious medical needs, as he fails to allege facts with any particularity or specificity which tend to show the objective and subjective components of the deliberate indifference analysis. See Mot. to Dismiss. The magistrate judge recommended that

---

[2] Dawson-Day was initially proceeding pro se when he filed his complaint, but he is now represented by counsel. (Dkts. 15, 21, 22).

2

the Court should grant Farris' motion to dismiss because, while Dawson-Day has alleged a "sufficiently serious" condition to satisfy the objective component of his Eighth Amendment claim, he fails to allege any facts from which to infer that PA Farris consciously disregarded Dawson-Day's medical needs. The magistrate judge concludes that, at best, Dawson-Day alleges a difference of opinion as to what his medical needs were, or perhaps a state law claim for medical malpractice. R&R at 15.

Dawson-Day filed an objection to the R&R (Dkt. 28), to which Farris responded (Dkt. 29). For the reasons that follow, the Court accepts the R&R in its entirety.

## II. ANALYSIS[3]

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (explaining that objections that "disputed the correctness of the magistrate [judge]'s recommendation but failed to specify the findings that [the objector] believed were in error" were

---

[3] To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. Id.

summary in nature and, therefore, invalid). Additionally, any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

First, as the R&R instructed, Dawson-Day must label his objections as "Objection No. 1," and "Objection No. 2," etc., and any objection must recite precisely the portion of the R&R the Court must consider. Dawson-Day failed to follow this instruction in his objection to the R&R. He instead repeats arguments that he already made in his response to Farris's motion to dismiss and offers generalized complaints about the R&R. Dawson-Day's objections therefore should be deemed waived. See Alspaugh, 643 F.3d at 166.

Nevertheless, considering Dawson-Day's arguments in his objection, his arguments fail to undermine the recommendation that the Court grant Farris's motion to dismiss. Dawson-Day argues, just as he did in his response to the motion to dismiss, that "Defendant Farris had access to Plaintiff's medical history and records which is replete with references to his broken hand and the need to see outside doctors." Obj. at 2. However, this argument is overruled because, as the magistrate judge correctly explained in the R&R, the complaint, read liberally, "does not say anything about Farris's knowledge of Plaintiff's medical records from his prior institution regarding 'the need for hand surgery.'" R&R at 12.

In support of his argument, Plaintiff attaches to his objection two medical records: (1) a copy of Corey Grahn, N.P.'s June 6, 2022 RMI encounter notes (which Plaintiff had also attached to his response to the motion to dismiss and which the magistrate judge declined to consider because it was not attached to the complaint), and (2) a copy of Dustin Waber, R.N.'s May 18, 2022 RMI encounter notes (which Plaintiff attaches for the first time). Dkts. 28-1, 28-2. However, these documents were not attached to Plaintiff's complaint and will not be considered on this

4

motion to dismiss. Excel Homes, Inc. v. Locricchio, 7 F. Supp. 3d 706, 710 (E.D. Mich. 2014) ("When adjudicating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must not consider matters outside the pleadings.") (citation omitted). In any event, these two documents from Plaintiff's prior institution, which mention that a prior recommendation for a "scheduled surgical offsite for left hand was discontinued" and then that a "hand surgery consult resubmitted," do not make it reasonable to infer that "a substantial risk of serious harm exists and Farris knew it." See Obj. at 2. Rather, at most, Dawson-Day has alleged a disagreement with Farris's course of treatment, which is not enough to form the basis for a deliberate indifference claim. See Smith v. Sator, 102 F. App'x 907, 909 (6th Cir. 2004) ("[D]ifferences of opinion between a plaintiff and his doctor regarding his diagnosis and treatment do not state an Eighth Amendment claim.") (citing Estelle v. Gamble, 429 U.S. 97, 107 (1976); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Dawson-Day further contends that "[a] jury is entitled to conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Obj. at 4. The Court readily rejects this contention. As the magistrate judge aptly stated in the R&R:

> Plaintiff's argument seemingly conflates the objective and subjective components, i.e., if there is an objective injury or deprivation, then subjective knowledge and culpability can always be inferred. In this context, this is faulty reasoning, because it eliminates the need to plead anything beyond a sufficiently serious, objective injury.

R&R at 6.

Dawson-Day also argues that "there is no evidence that Defendant Farris offered any medical treatment or medication to plaintiff despite his numerous kites." Obj. at 3. However, this case in not before the Court on a motion for summary judgment, where the parties are charged with putting forth evidence, but on a motion to dismiss, where the Court considers only the

5

allegations in the complaint. In the complaint, Plaintiff pleads "I'm unable to use my hand and I am in extreme pain, despite my pain medication." Compl. PageID.3 (emphasis added). Thus, even if the complaint does not plead that Farris prescribed or personally provided Dawson-Day with the pain medication, his express allegation suggests that he did have receive or have access to pain medication at MRF.

Accordingly, the Court concludes that Dawson-Day's complaint fails to allege facts to infer that Farris consciously disregarded Dawson-Day's medical needs, and at most alleges a difference of opinion as to Farris's course of treatment, which is not enough to state an Eighth Amendment deliberate indifference claim. Dawson-Day's objection therefore is overruled.

### III. CONCLUSION

For the reasons stated above, the Court: (i) accepts the recommendation in the R&R, (ii) overrules Plaintiff's objection, (iii) grants Defendant's motion to dismiss, and (iv) dismisses the case in its entirety.

SO ORDERED.

Dated: September 18, 2024                     s/Mark Goldsmith      
Detroit, Michigan                             MARK A. GOLDSMITH
                                              United States District Judge